IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:18-CR-137-PLR-DCP |
| ) | |
| JOSH SMALL and ) | |
| JONI AMBER JOHNSON, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Small's Motion to Continue [Doc. 45], filed on April 10, 2019. The parties appeared before the undersigned for a hearing on the motion on April 24, 2019. Assistant United States Attorney Alan Kirk appeared on behalf of the Government. Attorney Michael Menefee appeared on behalf of Defendant Small, while Attorney Forrest Wallace appeared on behalf of Defendant Johnson. Defendants Small and Johnson were also present.

In his motion, Defendant Small asks the Court to continue the April 30, 2019 trial date and all other related deadlines in this case. He asserts that a continuance is necessary to give counsel additional time to complete his investigation into the facts and circumstances of Defendant's case, review discovery, and file pre-trial motions. Further, the motion states that Defendant Small understands that a trial continuance waives his speedy trial rights. The motion relates that Defendant Johnson does not oppose the motion to continue, while the Government does oppose

the motion. The Government subsequently filed a Response in Opposition to the Motion to Continue [Doc. 46]. However, prior to the motion hearing, all parties agreed on a new trial date of July 2, 2019.

The Court finds the motion to continue is well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court notes that Attorney Menefee was only appointed to represent Defendant Small on April 9, 2019. [Doc. 44]. Specifically, the Court finds that Attorney Menefee needs additional time to review discovery, to file and litigate pretrial motions, and to prepare the case for trial. Thus, the Court finds that the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare for trial despite the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, Defendant Small's Motion to Continue [**Doc. 45**] is **GRANTED**, and the trial of this matter is reset to **July 2, 2019**. The Court also finds that all the time between the filing of the motion to continue on April 10, 2019 and the new trial date of July 2, 2019, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to additional scheduling in this case, the deadline for filing pretrial motions is reset to **May 10, 2019.** Responses to motions are due on or before **May 24, 2019**. If any motions requiring a hearing are filed, Chambers will contact the parties to schedule a motion hearing. The deadline for conducting plea negotiations is **June 11, 2019**. The Court set a final pretrial conference on **June 14, 2019 at 1:30 p.m.** This date is also the deadline for providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **June 17, 2019**. Special requests for jury instructions are due on **June 21, 2019** and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Small's Motion to Continue [**Doc. 45**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **July 2, 2019**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, Chief United States District Judge;

(3) All time between the filing of the motion to continue on **April 10, 2019**, and the new trial date of **July 2, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is reset to **May 10, 2019**;

(5) Responses are due on or before **May 24, 2019**;

(6) The deadline for conducting plea negotiations is **June 11, 2019**;

(7) A final pretrial conference before the undersigned is set for **June 14, 2019 at 1:30 p.m.** This date is also the deadline for providing reciprocal discovery;

(8) Motions *in limine* must be filed no later than **June 17, 2019**; and

(9) Special requests for jury instructions with appropriate citations shall be submitted to the District Judge by **June 21, 2019**.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge