# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE KNOXVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | (For Offenses committed on or after November 1, 1987) |
| JOSH SMALL | Case Number: **3:18-CR-00137-PLR-DCP(1)** |
| USM#53560-074 | **Michael B Menefee** |
| | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s):

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☒ was found guilty on count(s) <u>1 and 2 of the Second Superseding Indictment</u> after a plea of not guilty.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section and Nature of Offense | Date Violation Concluded | Count |
|---|---|---|
| 18 U.S.C. § 1201(a)(1) - Conspiracy to Commit Kidnapping | 07/18/2018 | 1ss |
| 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2 - Aiding and Abetting in Kidnapping | 07/18/2018 | 2ss |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. 3553.

☐ The defendant has been found not guilty on count(s).

☐ All remaining count(s) as to this defendant are dismissed upon motion of the United States.

    IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

**January 28, 2020**
Date of Imposition of Judgment

_/s/ Pamela L Reeves_
Signature of Judicial Officer

**Pamela L Reeves, Chief United States District Judge**
Name & Title of Judicial Officer

_1-28-2020_
Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **360 months.**

This term of imprisonment of 360 months as to each of Counts 1 and 2 to run concurrently.

It is further ordered that this sentence shall be served concurrently with any anticipated state sentence imposed in Jefferson County, Tennessee, Criminal Court Docket Number 2018-CR-14153, pursuant to *Setser vs. United States*.

☒ The court makes the following recommendations to the Bureau of Prisons:
The Court will recommend that you receive 500 hours of substance abuse treatment from the Bureau of Prisons' Institution Residential Drug Abuse Treatment Program. The Court will recommend that you be afforded a full range of educational and vocational programs offered by the Bureau of Prisons. Lastly, the Court will recommend that you be designated to a BOP facility close to West Virginia.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at       ☐ a.m. ☐ p.m. on
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on .
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on
   to ,
   at ,
   with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years**.

This term consists of **five (5) years** as to each of Counts One and Two, to run concurrently.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentencing of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the mandatory, standard, and any special conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

# SPECIAL CONDITIONS OF SUPERVISION

1. You shall participate in a program of testing and/or treatment for drugs and/or alcohol, as directed by the probation officer, until such time as you are released from the program by the probation officer.

2. You shall submit your person, property, house, residence, office, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1) or other electronic communications or data storage devices or media] to a search conducted by a United States Probation Officer or designee. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of supervision, and the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

3. The defendant shall participate in a program that addresses domestic violence, anger management, or general violence as directed by the probation officer.

4. You shall provide the probation officer with access to any requested financial information.

5. You shall not incur new credit charges on existing accounts or apply for additional lines of credit without permission of the probation officer until the restitution has been paid in full. In addition, you shall not enter into any contractual agreements which obligate funds without the permission of the probation officer.

6. You shall pay any financial penalty that is imposed by this judgment. Any amount that remains unpaid at the commencement of the term of supervised release shall be paid on a monthly basis at the amount of at least 10% of your net monthly income.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments sheet of this judgment.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | **$200.00** | $.00 | $.00 | **$8,517.50** |

☐ The determination of restitution is deferred until      An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

Restitution of **$8,517.50**, jointly and severally with co-defendant **Joni Amber Johnson (3:18-cr-00137-2)**, to:

**LINDA L. SPOON**
**ROCKY TOP, TN**

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options under the Schedule of Payments sheet of this judgment may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
 ☒ the interest requirement is waived for the   ☐ fine   ☒ restitution
 ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☒  Lump sum payments of **$8,717.50** due immediately, balance due
   ☐  not later than                                    , or
   ☐  in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal          (e.g., weekly, monthly, quarterly) installments of $          over a period
      of       (e.g., months or years), to commence       (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal          (e.g., weekly, monthly, quarterly) installments of $          over a period
      of       (e.g., months or years), to commence       (e.g., 30 or 60 days) after release from imprisonment to a term of
      supervision; or

E  ☐  Payment during the term of supervised release will commence within       (e.g., 30 or 60 days) after release from
      imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to **U.S. District Court, 800 Market Street, Suite 130, Howard H. Baker, Jr. United States Courthouse, Knoxville, TN, 37902**. Payments shall be in the form of a check or a money order, made payable to U.S. District Court, with a notation of the case number including defendant number.

The restitution shall be paid in full immediately.

Any payment made that is not payment in full shall be divided proportionately among the persons named.

The government may enforce the full amount of restitution ordered at any time, pursuant to Title 18 U.S.C. §§ 3612, 3613, and 3664(m).

The United States Bureau of Prisons, United States Probation Office, and the United States Attorney's Office shall monitor the payment of restitution, and reassess and report to the Court any material change in your ability to pay.

You shall make restitution payments from any wages you may earn in prison in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program. Any portion of the restitution that is not paid in full at the time of your release from imprisonment shall become a condition of supervision.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.
☒  Joint and Several
   **See above for Defendant and Co-Defendant Names and Case Numbers** *(including defendant number)*, **Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.**
   ☐ Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.
☐  The defendant shall pay the cost of prosecution.
☐  The defendant shall pay the following court cost(s):
☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.